UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROY JOHN DEPACK, Jr.,<br><br>**Defendant.** | Crim. No. 2:23-cr-00229 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is *pro se* defendant Roy John Depack, Jr.'s, ("Defendant") Motions to Amend Judgment. *See* ECF Nos. 81-83, 85, 87-88. For the reasons set forth below, Defendant's Motions are **DENIED**.

I. **BACKGROUND**

On January 19, 2022, Defendant was charged by criminal Complaint with disaster relief fraud. *See* ECF No. 1. On or about July 25, 2022, Defendant was charged by Amended Criminal Complaint with three additional charges. *See* ECF No. 24. The Government and Defendant reached a Rule 11(c)(1)(C) plea agreement on January 13, 2023. *See* ECF No. 44. Under the plea agreement, Defendant agreed to plead guilty to a four-count Information: Count One with wire fraud, in violation of 18 U.S.C. § 1343; Count Two with disaster fraud, in violation of 18 U.S.C. § 1040(a)(2); Count Three with wire fraud, in violation of 18 U.S.C. § 1343; and Count Cour with forging or fraudulently endorsing Treasury checks, in violation of 18 U.S.C. § 510.

On September 7, 2023, this Court sentenced Defendant to a term of imprisonment of 42 months on each of Counts One to Four to run concurrently with each other, as well as three years of supervised release on each Count to run concurrently. *See* ECF No. 76. As part of the Judgment, this Court recommended to the Bureau of Prisons ("BOP") that the Defendant be designated in a facility as near as possible to the Defendant's home address. *Id.* Defendant was further ordered to pay restitution in the amount of $123, 489.00 within 30 days of sentencing. *Id.* The Judgment also noted that "unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." *Id.* Also on September 7, 2023, this Court revoked Defendant's previously imposed term of supervised release in *United States v. Roy Depack*, 18-cr-0133 (WJM), and sentenced the Defendant to a nine-month term of imprisonment to run concurrently with the sentence in this instant case, reflecting a violation of his supervised release. On September 8, 2023, Defendant filed a *pro se*

1

notice of appeal challenging his sentence in the instant case. Based on Defendant's waiver of appeal, on February 21, 2024, the Third Circuit summarily granted the Government's motion and dismissed Defendant's notice of appeal. *See United States v. Roy John Depack, Jr.*, ECF No. 1, 3d Cir. No. 23-2760.

Defendant's various motions filed in this instant case request that: (1) the Court order the BOP to place Defendant in a halfway house; (2) the Court order the BOP only deduct $25.00 every three months from his account; and (3) the Court issue an order clarifying the record that he "only ha[s] one violation for getting a new charge" with respect to his violation of supervised release. *See* ECF Nos. 81-83, 85, 87-88. The Defendant also attached a response by the BOP to his Request for Administrative Remedy, where Defendant requested placement in a Residential Re-Entry Center ("RRC"), in which the BOP cited the Defendant's "poor history of adhering to the rules associated with [his] placement on Supervision" as a reason for its denial. ECF No. 82, at Ex. A. Lastly, Defendant filed *pro se* motions requesting summary judgment on his previously filed motions and requests this Court to waive his payments of fines while he is in custody as well as order the BOP to halt restitution payments. The Government filed its opposition to the Defendant's miscellaneous requests on May 24, 2024. ECF No. 86.

## II. DISCUSSION

### A. RRC Placement

The Second Chance Act of 2007, Pub. L. No. 110-199, ("the Act") authorizes BOP to place qualifying prisoners in RRCs for "a portion of the final months" of their prison term to "afford [these] prisoner[s] a reasonable opportunity to adjust to and prepare for" their reentry into the community. 18 U.S.C. § 3624(c)(1). Section 3621 of the Act exclusively authorizes the BOP to designate a federal inmate's place of confinement and make other custody determinations:

> [a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person. Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.

18 U.S.C. § 3621(b). Similarly, Courts in this Circuit have held that a district court has no authority to direct the BOP to place a defendant in a halfway house or RRC. *See, e.g., United States v. Harper*, No. 19-190-7, 2021 WL 5239970, at *1 (W.D. Pa. Nov. 9, 2021) (collecting cases and holding "this Court has no authority to direct the Bureau of Prisons to permit [the defendant] to serve any portion of his sentence at a community corrections center or on home confinement."); *Tetterton v. Warden*, No. 23-1394-CPO, 2023 WL

4045086, at *2 (D.N.J. June 16, 2023) (collecting cases regarding home confinement). As a result, the Defendant's Motions with respect to placing the Defendant in a RRC or halfway house is **DENIED**.[1]

### B. Reducing Restitution and Halting Fines

Defendant requests that this Court order the BOP to only deduct $25 every three months from his account, halt the fines entirely, or halt restitution payments while he is in custody. As part of the Judgment, the restitution in this matter was $123,489.00 and was made due immediately within 30 days of sentencing. Similarly, the Defendant still owes hundreds of thousands of dollars in restitution from his previous convictions. For instance, the Defendant only paid $3,726.21 towards his $18,256.48 debt from his 2006 judgment in 04-cr-000599 (SRC). The Defendant only paid $553.10 towards his $394,746.31 debt from his 2018 judgment in 18-cr-00133 (WJM). Lastly, as of May 24, 2024, the Defendant has only paid $25 towards this September 2023 judgment, in which he owes $123,889.00. Considering the Defendant's multiple convictions in which he continues to owe substantial restitution, the Court will **DENY** Defendant's request to reduce restitution or halt his fine.

### C. Clarifying the Record

Lastly, the Defendant's remaining request is for an order clarifying the record with respect to his violation of supervised release. This Court revoked the Defendant's previously imposed term of supervised release after finding the Defendant guilty of one violation and subsequently sentenced him to a nine-month term of imprisonment to run concurrently with the 42-month sentence in this instant case. This determination is accurately reflected in the Judgment entered in ECF No. 115, 18-cr-0133(WJM) (Sept. 13, 2023). Therefore, the Court will **DENY** Defendant's request to clarify the record.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motions to Amend Judgment are **DENIED**. An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: July 2, 2024

---

[1] The Government correctly notes that should the Defendant choose to style his Motion as a habeas petition, he should file his request for habeas relief in the district in which he is confined. Since he is in custody at FCI Allenwood Low, he should file any habeas relief request in the Middle District of Pennsylvania.